FAIRCLOTH, C. J., dissents, arguendo, in which FURCHES, J., concurs. *Page 137 
The devise was to the use of the "Methodist Episcopal Church." The administrator filed his petition asking to what Methodist Episcopal Church the devise should be applied, and (242) both organizations by which those words were used in their title were made parties and answered, and the heirs at law answered, claiming the devise to be void.
On the trial one of the defendant church organizations admitted that its strictly legal name was "Methodist Episcopal Church, South," the suffix "South" being added to the descriptive words in the will, but offered to prove that the legal name of the other organization was "Trustees of The Methodist Episcopal Church," with the prefix "Trustees of" added to the descriptive words in the will, and tendered an issue to that effect. The Court accepted the admission as to itself by the Southern Methodist Church, but refused to allow it to prove that the Northern Methodist Church was also differentiated from the words of the will by a prefix. This was error.
Again the M. E. Church, South, admitted that the Northern competitor was commonly known as "The Methodist Episcopal Church," without the prefix, but it offered to prove, and tendered an issue, that itself was also commonly known as "The Methodist Episcopal Church," without the suffix. Again the judge accepted the admission of the Southern Church against itself, but refused to permit it to prove that it was commonly known as "The Methodist Episcopal Church" as well as the Northern Church. This surely was error. It is true the admission cut in two, was that the competitor was the "Methodist Episcopal Church," but that said admission fairly meant only that it was commonly *Page 140 
known as such, and not that such was its legal name, is shown by the statement in the same breath that such was not its corporate name, and the offer to prove, and tender of an issue, that the legal name had a prefix. Besides, even if the name of the Northern church had (243) come technically within the very words of the devise, if the other church, not technically but in common speech, was known by the very same words and abounded in that section, whereas the Northern church was entirely unknown there, this would leave the intention of the testator to a jury, since the real object is to ascertain his intention.
When evidence is improperly rejected it must be taken for the purpose of the argument that if admitted it would have proved what the party offering claimed it would prove. Therefore, we must take it that, if admitted, it would have proved:
(1st) That the legal name of neither organization came within the very words of the will, one being "Trustees of the Methodist Episcopal Church," and the other "Methodist Episcopal Church, South."
2d That both organizations were commonly known as "The Methodist Episcopal Church."
Upon the pleadings the defendant, the Southern church and the heirs at law, had the right to prove that state of facts if they could. Then the other issue offered would also have been competent as to which church the testator intended to devise by the use of words applying, in strict letter, to neither church, but in common parlance to both. On this issue the admission that one church had numerous members and church buildings in the testator's county, and that the other had no members in that county, and similar evidence for and against, would have been competent to show the testator's intention, and if this were not shown to the satisfaction of the jury the devise would lapse for the benefit of the heirs at law. In refusing to submit the issues and evidence offered there was
ERROR.